**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Hugo CONTRERAS-HERNANDEZ,**
**Defendant-Appellant.**

**No. 16-50189**

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2017 *

Filed May 11, 2017

Ryan A. Sausedo, Helen H. Hong, Nicole Ries Fox, Assistant U.S. Attorneys, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Rebecca C. Fish, Trial Attorney, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

### MEMORANDUM **

Hugo Contreras-Hernandez appeals from the district court's judgment and

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

challenges the 30-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contreras-Hernandez contends that the district court erred when it denied his request for departures for imperfect duress under U.S.S.G. § 5K2.12, lesser harm under U.S.S.G. § 5K2.11, and combination of circumstances under U.S.S.G. § 5K2.0(c). We do not review the procedural correctness of a district court's decision not to depart from the Sentencing Guidelines range. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005-08 (9th Cir. 2012). Instead, we review the ultimate sentence for substantive reasonableness. *Id.* at 1008. The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Contreras-Hernandez's criminal history, his prior illegal reentry conviction, and his failure to be deterred by the sentence for that conviction. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Moreover, contrary to Contreras-Hernandez's contention, the record reflects that the district court considered his departure requests and adequately explained the sentence imposed. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**